ORIGINAL

RMW 530

## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name ____OROPEZA_____ HECTOR _____ A ___ FILED

     (Last)                       (First)             (Initial)

Prisoner Number ____H-24646_____     DEC 2 7 2010

Institutional Address ____SAN QUENTIN STATE PRISON, SAN QUENTIN, CA 94974

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### UNITED STATES DISTRICT COURT

E-filing

### NORTHERN DISTRICT OF CALIFORNIA

HECTOR ARTURO OROPEZA

CV10 5916

RMW

Full Name of Petitioner

                                     Case No.(To be provided by the
                                       clerk of court)

     vs.

(PR)

VINCENT S. CULLEN, Warden _____ PETITION FOR A WRIT OF HABEAS CORPUS

     Name of Respondent
     (Warden or jailor)

_____Read Comments Carefully Before Filling In_____

### When and Where to File

    You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

    If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your

petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

This petition is properly before this court.

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now and the Attorney General of the state in which the judgment you seek to attack was entered.

## A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1. What sentence are you challenging in this petition?

(a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

| Santa Clara County Superior Court | San Jose, California |
|---|---|
| Court | Location |

(b) Case number, if known __148873__

(c) Date and terms of sentence __02/07/92 − 15 years to life__

(d) Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.) Yes     No

Where? __San Quentin State Prison, San Quentin, CA 94974__

(Name of Institution)                    (Address)

2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

Second degree murder − Penal Code § 187. Petitioner was found not guilty

of using or concealing a weapon at the time of the offense.

3. Did you have any of the following?

Arraignment: Yes _X_ No __   Preliminary Hearing: Yes _X_ No __Motion to Suppress: Yes __ No __

3

4.    How did you plead?

Guilty _____    Not Guilty __X__    Nolo Contendere _____

Any other plea (specify) _____

5    If you went to trial, what kind of trial did you have?

Jury __X__    Judge alone _____    Judge alone on a transcript _____

6.    Did you testify at your trial?   Yes _X_ No __

7.    Did you have an attorney at the following proceedings:

(a)    Arraignment   Yes _X_        No __
(b)    Preliminary hearing            Yes _X_          No __
(c)    Time of plea   Yes _X_        No _
(d)    Trial   Yes _X_        No __
(e)    Sentencing   Yes _X_        No __
(f)    Appeal        Yes _X_        No
(g)    Other post-conviction proceeding    Yes _X_          No __

8.    Did you appeal your conviction?   Yes _X_ No __

(a)    If you did, to what court(s) did you appeal?

| Court of Appeal | Yes _X_ | No __ | 1993 | affirmed |
|---|---|---|---|---|
| | | | (Year) | (Result) |
| Supreme Court of California | Yes _X_ | No __ | 1993 | Denied |
| | | | (Year) | (Result) |
| Any other court | Yes _X_ | No __ | 2003 | Denied |
| | | | (Year) | (Result) |

(b)    If you appealed, were the grounds the same as those that you are raising in this petition?                                    Yes __ No _X_

(c)    Was there an opinion?      Yes _X_ No

(d)    Did you seek permission to file a late appeal under Rule 31(a)?
                                    Yes          No X

4

If you did, give the name of the court and the result:

---

9.      Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?      Yes X          No __

Petitioner filed a petition for writ of habeas corpus challenging his conviction in the Northern District Court, and denied in 2003 which petitioner never received a copy of the order or reasons for denial.

Petitioner has filed petitions in the Northern District Court challenging the Board of Parole Hearings (once known as the Board of Prison Terms) decisions to deny parole in 2001 (Case No. C-03-1373 RMW), 2004 decision to deny parole (Case No. C-05-3089 RMW), and challenging the Board's decision of 2006 and the California Court of Appeals (6th Appellate District decision to reverse the Superior Court's grant of the petition for writ of habeas corpus (Case No. C-09-1871) which is pending in the court.

Petitioner has a petition pending in the Ninth Circuit Court of Appeal – Case No. 07-15940.

Petitioner has filed two subsequent petition challenging the Board's 2008, 2009, and 2010 decisions. The Superior Court granted the 2008 and 2010 petition but denied the 2009 petition as moot, which is the subject of the instant petition. The 2008 habeas grant was not appealed by the state, however, the 2010 habeas grant is has been appealed is now pending in the Sixth Appellate District.

Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. § 2244(b).

(a)    If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I.    Name of Court _California Superior Court in and for Santa Clara County_

Type of Proceeding _Habeas corpus petition._

Grounds raised (Be brief but specific):

a.   _The Board of Parole Hearings violated court order_

b.   _There was no "some evidence" to support the Board's denial._

c.   _The Board should be held in contempt and sanctioned._

d.   _____

Result _Denied as moot._    Date of Result _May 28, 2010._

II.    Name of Court _California Court of Appeal, Sixth Appellate District._

Type of Proceeding _Habeas corpus petition._

Grounds raised (Be brief but specific):

a.   _Same as above._

b.   _The petition for writ of habeas corpus is not moot._

c.   _____

d.   _____

Result _Denied_    Date of Result _November 3, 2010_

III.    Name of Court _California Supreme Court_

Type of Proceeding ___Petition for Review_____

Grounds raised (Be brief but specific):

a.  PETITIONER CONTINUES TO SUFFER AN INJURY WHICH THE SUPERIOR
    COURT COULD PROVIDE RELIEF AND HIS PETITION IS NOT MOOT.

b.  THE BOARD IS IN CONTEMPT OF THE COURT'S EXPLICIT ORDER.
    THE COURT SHOULD IMPOSE APPROPRIATE SANCTIONS ON THE BOARD FOR

c.  IGNORING THE COURT'S ORDER.
    IT IS FUTILE TO REMAND THE BOARD AND/OR GOVERNOR TO REHEAR PAROLE
    CONSIDERATION FOR PETITIONER WHEN THERE IS NO EVIDENCE THAT

d.  PETITIONER IS CURRENTLY DANGEROUS.

Result ___Denied_____  Date of Result ___December 15, 2010___

(b)   Is any petition, appeal or other post-conviction proceeding now pending in any

court?   Yes _X_ No __
U.S. District Court, Northern District of California, Case No. C-09-1871 RMW
Ninth Circuit Court of Appeal, Case No. 07-15940
California Court of Appeal, Sixth Appelate District, Case No. H036113

(Name and location of court)


B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully.  Give facts to

support each claim.  For example, what legal right or privilege were you denied?  What happened?  Who

made the error?  Avoid legal arguments with numerous case citations.  Attach extra paper if you need

more space.  Answer the same questions for each claim.

Note:  You must present ALL your claims in your first federal habeas petition.  Subsequent

petitions may be dismissed without review on the merits.  28 U.S.C. § 2244(b); McCleskey v. Zant, 499

U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

                    See attached "INSERT A, pages 1 through 11
Claim One: _____

INSERT A

# INTRODUCTION

In light of *In re Prather*, (S173260) 50 Cal.4[th] 238, 262, and *Haggard v. Curry* __

F.3d__ ; 2010 WL 4015006 9th Cir. No. 10-16819 (October 12, 2010) Petitioner submits this

Petition for writ of habeas corpus and prays that this court issues an order to the Board of Parole

Hearings to set his term and immediate release.

On December 23, 2008, Petitioner appeared before the Board for his fourth parole

consideration hearing. Petitioner was denied parole for one year. On May 22, 2009, the Superior

Court granted the petition and directed the Board to provide a new hearing. The Attorney

General did not appeal that decision. (See Exhibit A, Superior Court Order granting Petition.)

Pursuant to the court order, on September 1, 2009, the Board held a new hearing and

found Petitioner unsuitable. The panel found that petitioner has genuine and sincere remorse, but

despite the May 22, 2009 court order holding that Board again denied parole based on the lack of

adequate insight into the causative factors associated with his committing this murder.

On October 6, 2009, petitioner submitted his petition for writ of habeas corpus

challenging the September 2009 decision. On that same day, the Board issued its Miscellaneous

Decision in which it conceded that it had erred at the September 1, 2009 hearing. The Board

vacated its September 1, 2009 denial and scheduled a new hearing to be held in accordance with

the May 22, 2009 court order. (Exhibit B, Miscellaneous Board decision.) On January 6, 2010,

the Superior court issues an Order to Show Cause.

On February 22, 2010, pursuant to the Board's Miscellaneous Decision, the Board held a

new hearing. The Board argued that February 2010 hearing renders the petition moot. On May

28, 2010, the Superior Court denied the petition for writ of habeas corpus as being moot. (See

Exhibit C, May 28, 2010, order by Superior Court.)

INSERT A

At the February 22, 2010, the Board panel again violated due process and the court's order and found petitioner unsuitable for parole. On May 24, 2010, petitioner filed a petition for writ of habeas corpus. On September 20, 2010, the Superior court granted the petition for writ of habeas corpus. On October 6, 2010, the Board filed an appeal. The court issued a stay on the October 13, 2010 hearing, which is now pending in Sixth District Court of Appeals.

Petitioner asserts that more drastic measures are warranted here and the Court should issue a contempt of court order, sanction the Board, and order Petitioner's term to be calculated immediately without having to hold a new hearing. *In re Prather*, (S173260) 50 Cal.4th 238, 262. Petitioner further contends that any time that goes beyond his set term should be calculated toward his parole term. In the alternative, Petitioner should be given credit for any time that goes beyond June 2008, which was his original scheduled parole hearing.

Petitioner has been before the Board of Parole Hearing three times in 14 months because the Board's decision to deny parole has been reversed three times. Under *In re Prather*, (S173260) 50 Cal.4th 238, 262 the California Supreme Court held that when a court vacates the Board of Parole Hearings (hereinafter "the Board") denial and orders the Board to hold a new hearing, the reviewing court cannot on remand constrain the Board's review to only "new evidence" that arises subsequent to the vacated parole hearing. (*Id.*, 2455-256.)

*Prather* does, however approve of the courts ordering the Board to hold the new hearing within 30 days. *Id.* at p. 262 (Moreno, J., concurring). As justice Moreno articulated, *Prather's* expedited 30-days court order rehearing was warranted because the Board was "unable to justify its denial of parole after a full judicial proceeding, and [] in the interest of justice parole should be speedily granted." *Id. Prather* also explained that if the Board continued to violate the courts' holdings, more drastic measure could be taken. *Prather, supra*, 50 Cal.4th at p. 262. The need for

INSERT A

1 more drastic measures in Petitioner's case is warranted because the Board's decision to deny

2 parole has been reversed three consecutive times since 2008. [1] This petition, however, concerns

3 the Superior Court denying the petition as moot and whether, in light of *In re Prather*, more

4

5 drastic measures should apply to this case.

6     *Prather* involved a court's reversal of the Board's decision for the first time. *Prather,*

7 *supra*, 50 Cal.4[th] at p. 262. Petitioner has been remanded back to the Board three times, twice by

8 the Superior Court in 2008 and 2010, and once by the Board's Executive Officer in 2009. In

9

10 Petitioner's case there were two full judicial proceedings where the court considered and rejected

11 the Board's denial. The superior court and the Board's Executive Officer gave the Board three

12 opportunities to provide Petitioner with a legal hearing, and all three times the Board failed.

13     The Board did not appeal the superior court's May 22, 2009 order reversing the decision

14 to deny parole. The Board also acknowledged that they erred on September 1, 2009 when they

15 did not comply with the court's order and denied parole. However, the Board appealed the

16

17 superior court's decision to reverse the February 23, 2010 denial of parole.

18 **ISSUES PRESENTED FOR REVIEW**

19 1. Whether Petitioner 's 2009 petition for writ of habeas corpus is moot, when

20     petitioner continues to suffer an injury for which the court can provide relief?

21 2. Whether the Board of Parole Hearings violated Petitioner's State and Federal Due

22     process when it failed to comply with the Court's order and if so, should it be held in

    contempt and sanctioned?

23

24 3. Whether an actual controversy exists as to the proper remedy when the Board

    continues to make the same error in three separate decisions since 2008 in violation of

25     state and federal due process at Petitioner's September 2009 hearing?

26

27

28

---

[1] The Superior Court reversed the Board's 2006, 2008, and 2010 decision to deny parole. The 2009 decision was reversed by the Board Executive Officer.

INSERT A

## MEMORANDUM OF POINTS OF AUTHORITIES

### ARGUMENT

1. **PETITIONER CONTINUES TO SUFFER AN INJURY FOR WHICH THE SUPERIOR COURT COULD PROVIDE RELIEF AND HIS PETITION IS NOT MOOT.**

The Superior Court denied Petitioner's claims as moot because the Board vacated petitioner's September 1, 2009 hearing on October 6, 2009, and held a new hearing on February 22, 2010. Accordingly, the mootness claim raised here is based on the Board's voluntary conduct on vacating the September 1, 2009 denial.

A case is moot when no actual or live controversy exists or the parties lack a legally cognizable interest in the outcome. Such an outcome occurs when the challenged conduct has ceased in such a manner that "there is no reasonable expectation that the wrong will be repeated*" (United States v. W.T. Grant Co.* (1953) 345 U.S. 629, 633) and thereby renders it impossible for the court to grant '"any effectual relief whatsoever' to [the] prevailing party." (*Church of Scientology of Cal. v. United States* (1992) 506 U.S. 9, 112 (quoting *Mills v. Green* (1895) 159 U.S. 651, 653). See also *City of Erie v. Pap's A.M.* (2000) 529 U.S. 277, 287; *County of Los Angeles v. Davis* (1979) 440 U.S. 625, 631; *Powell v. McCormack* (1969) 395 U.s. 486. 496.) The party asserting mootness bears the burden of establishing that there is no "effective relief remaining that the court could provide." (*Southern Oreg, Barter Fair v. Jackson County* (9th Cir. 2004) 372 F.3d 1128, 1134.)(See also *Fay v. Novia*, 372 U.S. 391, 430-431 (1963), holding that "federal courts have the latitude to resolve a habeas corpus petition 'as law and justice requires.'")

Petitioner has a liberty interest in parole. (See *In re Rosenkrantz* (2002) 29 Cal.4th 616, 661 ["[P]risoners possess a protected liberty interest in connection with parole decisions renders

INSERT A

1   by the Board"]. See also *Biggs v. Terhune* (9th Cir. 2003) 334 F.3d 910, 914-1915; *McQuillion v.*

2   *Ducan* (9th Cir. 2020) 306 F.3d 895, 902; *Greenholtz v. Inmates of Nebraska Penal* (1979) 442

3   U.S. 1, 7, 11-12.); and *Person v. Muntz*, Case. No. 08-55728 (9th Cir. 05/24/2010). Under Penal

4   Code Section 3041, state prisoners whose sentences allow for the possibility of parole have an

5   interest protected by the due process clause of the United States Constitution in a parole release

6

7   date. (*Irons v. Carey* (9th Cir. 2007) 479 F.3d 658, 662.)

8       The Superior Court erred in determining the petition moot as there exists an actual, live

9   controversy as to whether or not petitioner received due process at the February 22, 2010

10  hearing, which was a substitute for the September 1, 2009 hearing. The February 22, 2010

11  decision to deny parole was reversed by the superior court and is now the subject of an appeal by

12

13  the Board before the Sixth Appellate District Court. [2] Petitioner has a legally cognizable interest

14  in the outcome of this petition. The challenge conduct, petitioner's unlawful detention, continues

15  and there exists a reasonable expectation that it will be ongoing.

16

17      As a general rule, voluntary cessation of allegedly illegal conduct does not make a case

18  moot. (*Lindquist v. Idaho State Bd. Of Corrections* (9th Cir. 1985) 776 F.2d 851, 854.) The

19  standard for determining whether a case has been mooted by a party's voluntary conduct is

20  stringent. (*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs, (TOC), Inc.* (2000) 528 U.S. 167,

21  189.) The "heavy burden of persuading" the court that the challenged conduct cannot reasonably

22

23  be expected to start up again lies with the party asserting mootness. (*United States v.*

24  *Concentrated Phosphate Export Assn., Inc.* (1968) 393 U.S. 199, 203.) A party claiming

25

26

27

28  [2] September 1, 2009 hearing was a court ordered hearing and substitute of the December 22, 2008 hearing, which was originally scheduled for June 2008, but was postponed by the Board without notice and reason.

INSERT A

1   mootness on the grounds of voluntary compliance bears the formidable burden of showing that it

2   is absolutely clear that the wrongful behavior could not reasonably be expected to recur. (*Ibid.*)

3        As appears from the September 22, 2010 Superior Court order, far from abandoning its

4   former practice with a persuasive showing of "repentance and reform" (*United States v. W.T.*

5   *Grant Co., supra*, 345 U.S. at 632, fn. 5), the Board has simply continued to apply the same

6

7   reasoning in a manner virtually identical to the defective approach taken at Petitioner's

8   December 2008 hearing. Here, the Court need not speculate whether the challenged conduct will

9   resume, as the hearings that Petitioner was provided in September 2009 and in February 2010,

10  clearly demonstrated that the Board has not complied with the Court's May 22, 2009 order.

11

12       In context of parole decisions, where inmates are entitled to multiple hearings by design

13  and statute, mootness claim is further barred by the exceptional that arises when the challenged

14  activity is "capable of repetition, yet evading review." Here, the Board wishes to evade the result

15  of the Court's review by claiming that scheduling of a new parole suitability determination has

16

17  rendered the remedy for the constitutional errors in the prior proceeding moot. Were the Board's

18  position the law, inmates in Petitioner's position would have no possible way to remedy

19  constitutional errors by the Board or the Governor because regularly scheduled suitability

20  decisions based on such errors would continue in perpetuity, rendering claims contesting those

21

22  errors in the previous decisions irremediable. As here, no matter how many times the inmate

23  returns to court, and not matter the relief ordered, the Board can routinely raise the claim that a

24  subsequent hearing has superseded the prior hearing and brought the Board into compliance.

25  Because the controversy is short-lived, and could reoccur, its repetition cannot escape review

26  based on mootness. (See *In re Scott* (2002) 111 Cal.App.4[th] 871, 877, fn. 1; *Chantiles v. Lake*

27  *Forest II Master Homeowners Assn.* (1995) 37 Cal.App.4[th] 914, 921; *Cucamongans United for*

28

6

INSERT A

*Reasonable Expansion v City of Rancho Cucamonga* (2000) 82 Cal.App.4th 473, 479-480;

*Dobbins v. San Diego County Civil Service Com.* (1999) 75 Cal.App.4th 125, 128, fn. 3.)

Parole decisions are not a matter of law, but are discretionary. One panel may grant parole on the same facts that another may regard as support for denial. A Board panel may grant a date, and the Governor may reverse after considering exactly the same facts upon which the Board granted parole. As the grant or denial is a discretionary decision, the fact that Petitioner was afforded a new hearing on February 22, 2010, does not render the matter moot. His due process rights were violated at his prior hearing, and he is entitled to a new at which he is afforded due process. As there has been a breakdown in this discretionary decision making will be employed." (*In re Large* (2007) 41 Cal.4th 538, 549-550.)

Further, in conducting its own review and vacating Petitioner's September 2009 denial due to error, the Board fashioned its own remedy: the provision of a new hearing to comport with due process. In so doing, the Board seeks to evade the consequences of the discretionary powers that a court has in its review of parole determination decisions. In a case such as Petitioner's, where the Board's findings are so unsupported that no evidence exists as grounds for a denial, a court has the power to order the Board to conduct a new hearing and find the inmate suitable for parole unless any new circumstances have arisen to support a finding of current dangerousness. (See *In re Burdan* (2008) 169 Cal.App.4th 18, 39; *In re Gaul* (2009) 170 Cal.App.4th 20, 40.) Despite Respondent's contentions, the issue here is neither an abstract proposition nor a rule of law with no effects on the matter in question. An actual controversy exists here as to the proper remedy for admitted errors in the due process at Petitioner's September 2009 hearing.

A. **The Board Is In Contempt Of The Court's Explicit Order To State The Nexus Between The Factor Or Factors And The Ultimate Decision Of Current Dangerousness.**

INSERT A

The Superior Court instructed the Board to hold a new hearing within 95 days of the May 22, 2009 order. The Court further instructed the Board that "[i]f the Board chooses to again deny parole the Board must "articulate a rational nexus between its factual findings and a conclusions." The Board had conceded that it erred when it based its decision to deny parole to Petitioner because it found that "[t]he victim was abused, defiled, or mutilated during or after the offense." (Exhibit A, p. 1.)

In *Corenevsky v. Superior Court*, the California Supreme Court made it painstakingly clear that public officials "do [] not have the power to veto a court order." (1984) 36 Cal.3d 307, 313. *In Corenevsky*, insufficient funds had been budgeted by Imperial County to cover court-ordered defense services. *Id.* The Superior Court issued an order that the funds must be disbursed, but the county auditor refused to do so. Upon review, the Supreme Court found that, since there was no question that the lower court had jurisdiction over the matter, the auditor was properly held in contempt for failing to obey its order. As the court explained, "In this situation, the auditor's duty – like that of any other person – is clear: the order of court is to be obeyed, not ignored." (*Id.*)

### B. The Court Should Impose Appropriate Sanctions On Respondent For Ignoring The Court's Order.

Despite the fact that the Board is an administrative body, the courts are empowered to impose sanctions for Respondent's failure to abide by the Court's order.

> It is by now well established, of course, that administrative functions of a board of supervisors are not immune from judicial process and may be mandated or enjoined (see, e.g., *Glendale City Employees' Assn.' Inc. v. City of Glendale* (1975) 15 Cal.3d 328, 343-345, 124 Cal.Rptr. 513, 540 P.2d 609), and that supervisors who willfully disobey such a court order may be subjected to punishment through the contempt sanction. (See, e.g., *City of Vernon v. Superior Court* (1952) 38 Cal.2d 38 Cal.2d 509, 241 P.2d 243; *City of Culver City v. Superior Court* (1952) 38 Cal.2d 535, 241 P.2d 258.)

INSERT A

*Ross v. Superior Court* (1977) 19 Cal.3d 899, 909. Here, the Board was instructed to hold a new hearing within 95 days; articulate a rational nexus between its factual findings and a conclusion; and if chose to again invoke the crime itself, to isolate the parts of Petitioner's comment offense that qualified for invocation of an unsuitability factor or factors and state the nexus between the factor or factors and the ultimate decision of current dangerousness. By ignoring the 95-day limit and the Court's findings and instructions, the Board [and Governor] has effectively waived its opportunity to receive such evidence and continue to hold Petitioner in violation of his constitutional right to due process.

"Inherent in the power to issue the writ of habeas corpus is the power to fashion a remedy..." consistent with what "the justice of the case may require." *In re Crow* (1971) 4 Cal.3d 613, 619-620, fn. 7; see also *Fay v. Novia*, 372 U.S. 391, 430-431 (1963). In this case before the Court, Petitioner has been held in violation of his due process right to parole arguably since 2001 when the Board first used the commitment offense as being exceptionally callous in that the victim was abused, defiled, and mutilated during or after the offense. The finding was found to unsupported by the evidence and is law of case. Therefore, Petitioner respectfully proposes the following sanctions for this Court to consider:

1) Order Petitioner's immediate release on his own recognizance, to live with his wife;

2) Appoint Jacob Burland and order reasonable and appropriate legal fees and expenses to Jacob Burland related to the matter of contempt and sanctions (Jacob Burland was appointed by the court on the habeas petition); and

3) Whatever other remedies the Court deems as just, including monetary sanctions to be paid to Petitioner upon release in an amount deemed just by this Court, to be compounded for every day he remains in custody following the expiration of time the Board violated the Court's order.

9

INSERT A

**2. It Is Futile To Remand The Board and/or Governor To Rehear Parole Consideration For Petitioner When There Is No Evidence That Petitioner Is Currently Dangerous.**

Due process requires that the court issue an order upon individual consideration of the particular circumstances of the inmate under review. In the absence of evidence of continuing dangerousness, the court has the authority to order that Petitioner be released forthwith. (See *In re Gaul* (2009) 170 Cal.App.4th 20, 39-40 [87 Cal.Rptr.3d 736][conclusion that no evidence that the inmate constitutes a current threat to public safety exists in "the full record before the Board" renders vacating the denial of parole and directing the Board to conduct a new hearing on the same record "a meaningless exercise"; when no evidence in the record supports a parole denial, "there is no reason to order the Board to conduct any further hearing on the matter, at least in the absence of some evidence about the inmate's post-hearing conduct"], and see *In re Singler* (2008) 169 Cal.App.4th 1227, 1245 [87 Cal.Rptr.3d 319][directing the Board to find inmate suitable for parole unless new evidence of his conduct or change in mental state subsequent to the hearing reviewed is introduced and is sufficient to support a finding that he currently poses an unreasonable risk of danger].)

**CONCLUSION**

It is unclear what drastic measures a court may take when the Board continuously violates its orders. Petitioner asserts that the drastic measures should include immediate release and credit that goes beyond his minimum eligible parole date be credited toward his parole term of 5 years to life.

Decisional law also favors Petitioner: In *In re Ballard* (1981) 115 Cal.app.3d 647, the parole board proposed "deducting from [Ballard's] parole term the excess of the time he should have spent in prison beyond the time he should have spent had all credits ... been timely applied." (Id. at p. 649.)

INSERT A

1  The *Ballard* court agreed. (See also *In re Randolph* (1989) 215 Cal.App.3d 790, 795; *In*

2  *re Reina* (1985) 171 Cal.App.3d 638, 642; *In re Anderson* (1982) 136 Cal.App.3d 472, 476 (*per*

3  *curiam*).)

4

5  "The touchstone of due process is freedom from arbitrary governmental action." (*Ponte v.*

6  *Real* (1985) 471 U.S. 491, 495.) The right to a neutral fact-finder in parole consideration is part

7  of the inmate's due process right. (See *O'Bremski v. Maas* (9th Cir. 1990.) 915 F.2d 418, 422;

8  see also [*Withrow v. Larkin* (1975) 421 U.S. 35, 461][a fair trail in a fair tribunal is a basic

9  requirement of due process, and this rule applies to administrative agencies which adjudicate as

10  well as to courts].) Furthermore, it is well established that state prisoners sentenced to

11  indeterminate sentences have liberty interest in parole, protected by due process and due process

12  requires that the proper procedures were followed in denying Petitioner's interest in parole. (See

13  *Rosenkrantz, supra*, 29 Cal.4th at pp. 663-664.) Here the Board ignored Petitioner's liberty

14  interest since at least 2008 and to require further restrains on his freedom violated due process.

15

16  Petitioner's exemplary post-commitment behavior and extraordinary showing of reform

17  and rehabilitation highlights the arbitrariness of the Board's and Governor's refusal to parole him

18  when he became eligible for parole over eight years ago. Because there is not sufficient reliable

19  evidence to support the Board's decision to deny parole, Petitioner is entitled to have his credit

20  that goes beyond his calculated term toward his parole period. This Court should promptly take

21  all necessary steps to provide Petitioner relief.

22

23  Dated: December 16, 2010          Respectfully submitted,

24

25                                    Hector Arturo Oropeza

26                                    Petitioner in Pro Se

27

28

Supporting Facts: _____

_____

_____

_____

Claim Two: _____

_____

Supporting Facts: _____

_____

_____

_____

Claim Three: _____

_____

Supporting Facts: _____

_____

_____

_____

If any of these grounds was not previously presented to any other court, state briefly which

grounds were not presented and why:

_____

_____

_____

8

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases:

_____

_____

_____

Do you have an attorney for this petition?     Yes __  No __X__

If you do, give the name and address of your attorney:

_____

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding.  I verify under penalty of perjury that the foregoing is true and correct.

Executed on ___December 16, 2010___     _____
                       Date                                Signature of Petitioner

( rev. 5/96)

9

E X H I B I T   A

(ENDORSED)
FILED

MAY 2 2 2009

DAVID H. YAMASAKI
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY_____ DEPUTY
C. Guerra

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

In re                                          )        No.: 148873
                                               )
      HECTOR A. OROPEZA,                        )
                                               )        ORDER
On Habeas Corpus                               )
                                               )

In this case the Board denied parole to Petitioner in large part because it found that "[t]he victim was abused, defiled, or mutilated during or after the offense." (Board's 12-23-08 Decision.) Respondent now concedes that this aspect of the decision was in error. This is because, a month after the hearing, the Sixth District in H032427 agreed with a prior Superior Court order finding that there is no evidence in this case supporting an abused/defiled/ mutilated finding. The question now presented is whether this error is harmless in light of the totality of the record and the other findings stated by the Board.

It is the rule that "[w]e must confine our review to the stated

factors found by the Board, and all the evidence presented at the

parole hearing which is relevant to those findings, not to findings

that … the Board might have made." (In re DeLuna (2005) 126

Cal.App.4th 585, 593-594.) Accordingly, this Court has carefully

examined the remaining comments by the Board and the evidentiary

support for them. After undertaking such review it appears that some

of the remaining statements of the Board are unsupportable and,

therefore, this Court must remand this matter for a new hearing

comporting with due process. The combined errors render the record

such that it is "not clear that the Board would have reached the same

conclusion based on the supported factors [thus] the appropriate

remedy is [a remand]." (Deluna, supra, at p. 598, citing In re Smith

(2003) 114 Cal.App.4th 343.)


The first reason given by the Board for the parole denial was

its rejection of Petitioner's explanation that his intoxication was a

contributing factor to the crime. (Decision page 1.) The Board

stated: "The prisoner continues to maintain alcohol was one of the

main reasons for this attack, but you were not so intoxicated where

you and your crime partner was [sic] able to follow, not one car, but

two cars. You weren't so intoxicated that you were [sic] able to

brandish a knife through the window, and you weren't so intoxicated

once you approached the victim to be able to jump out of the car, you

and your crime partner, stab him numerous times, jump back in the car

and effect your escape. You weren't that drunk. The prisoner is not

credible." To find Petitioner not credible base on the above

observations is not factually supported because Petitioner was the

2

1  passenger in the car and there is no nexus between his co-defendant's

2  ability to drive skillfully and the passenger's state of inebriation.

3  The remaining actions, those that were undertaken by Petitioner

4  himself, are not so complicated that his ability to perform then

5  demonstrates sobriety.  Because the grounds cited by the Board to

6  reject Petitioner's assertion that his alcohol consumption

7  contributed to the crime do not withstand any scrutiny this finding

8  was error.

9

10  Another reason given by the Board was that Petitioner had "no

11  criminal history" and was an otherwise "law-abiding citizen."

12  (Decision page 3.)  In using these facts to find parole unsuitability

13  the Board failed to recognize that these facts actually constitute

14  suitability factor 2402(d)(5).  The use of an inmate's prior

15  criminality or lack thereof is extensively covered by the governing

16  regulations.  If an individual panel is able to declare, on an ad hoc

17  basis, that it will proceed in direct opposition to the regulations

18  this would mean that either factor, (either the presence or absence

19  of a prior record,) one of which will always be present, can support

20  an unsuitability finding.  All inmates would then be in a "Catch-22"[1]

21  situation and the Board would have unregulated, standardless, and

22  unreviewable discretion.  If there are indeed instances when a lack

23  of prior criminality does have a nexus to present unsuitability what

24  would be required of the Board is a more thoughtful analysis of the

25

26  [1] "A supposed law or regulation containing provisions which are mutually
frustrating. [ ] From a paradoxical rule postulated in the novel Catch-22 (1961),
by Joseph Heller."  (Fletcher v. Superior Court (2002) 100 Cal.App.4th 386, 393, fn

27  3.)  See also In re Player (2007) 146 Cal.App.4th 813, holding that prison
regulations which do not operate in a "logical or fair" manner can create an
illegal "Catch-22" situation.

28

1  situation than merely calling it "puzzling" as the Board did in this

2  case.  (Decision page 3.)

3

4     Finally, the Board found fault with Petitioner's "attitude

5  towards"/"insight into" the crime and declared: "You say the words of

6  remorse.  I don't know if it's remorse because you're in prison or I

7  don't know if your remorseful because you're really sorry that the

8  victim died at your hands." (Decision page 9.)  As Petitioner points

9  out, it is inappropriate for the Board to use its own professed

10 inability to reach a conclusion as affirmative evidence against

11 Petitioner.  In these circumstances, the Board should have been

12 guided by the unambiguous opinion of the experts."  (Traverse page

13 11.)  Petitioner is referring to the December 2008 Psychological

14 Evaluation in which the Forensic Psychologist conducted normed and

15 cross validated tests after which he estimated Petitioner "at a 'very

16 low' risk for future violence."  It is the rule that all relevant

17 reliable information must be considered by the Board.  (*In re*

18 *Criscione* (2009) 173 Cal.App.4th 60, 72, *In re Lazor* (2009) 172

19 Cal.App.4th 1185, 1201, *In re Lewis* (2009) 172 Cal.App.4th 13, 27,

20 fn. 9, and *Board of Parole Hearings v. Superior Court (Portee)* (2008)

21 170 Cal.App.4th 104, 112, citing Cal. Code Regs., tit. 15, §§ 2281,

22 2402, subd. (b).)  The Board violated this rule by not considering

23 Petitioner's very favorable Psychological Evaluation at the time of

24 its decision.

25

26    For the above reasons, the Board is directed to provide

27 Petitioner a new hearing within 95 days.  If the Board chooses to

28

4

1   again deny parole the Board must "articulate a rational nexus between

2   its factual findings and a conclusion." (*Criscione, supra.*)   If the

3   Board again invoked the crime itself the Board is ordered to "isolate

4   the parts of [Petitioner]'s commitment offense that qualified for

5   invocation of an unsuitability factor or factors and state the nexus

6   between the factor or factors and the ultimate decision of current

7   dangerousness." (*Portee, supra.*)

8

9

10   DATED: _May 22_ , 2009

11                      HON. RISE JONES PICHON
                     JUDGE OF THE SUPERIOR COURT

12

13

14   cc:  Petitioner (@ San Quentin)
       Petitioner's Attorney (Jacob Burland)

15      Attorney General (Amanda Murray)
       Research (2-11A)

16      CJIC

17

18

19

20

21

22

23

24

25

26

27

28

E X H I B I T   B

Board of Parole Hearings                                    State of California
MISCELLANEOUS DECISION

---

## FACTS

---

On September 1, 2009, the Board found the prisoner unsuitable for parole.

---

## DECISION

---

Vacate the September 1, 2009 denial due to error and schedule a new suitability hearing to be set as soon as possible in accordance with statutory notice requirements. The hearing must be held in accord with the May 22, 2009 order of the Santa Clara Superior Court in Case Number 148873. The Board must consider the prisoner's suitability for parole in light of *In re Lawrence* (2008) 44 Cal.4th 1181 and *In re Shaputis* (2008) 44 Cal.4th 1241. If the Board denies parole, it must articulate a rational nexus between its factual findings and a conclusion. If the Board relies on the commitment offense to deny parole, the Board must isolate the part of the offense that qualify for invocation of an unsuitability factor or factors and explicitly state the nexus between the factor or factors and the ultimate conclusion of current dangerousness.

STAFF (Name)                TITLE                              DATE

MARTIN HOSHINO        Executive Officer              October 6, 2009

---

NAME                            NUMBER                    INSTITUTION
OROPEZA, HECTOR          H-24646                   San Quentin

Page 1 of 1

1  Board's denial of parole at the February 2010 hearing. Without
2  questioning the accuracy of Ms. Jordan's declaration, this
3  Court finds that it would be inappropriate to grant Petitioner
4  relief at this time because the order to show cause in this
5  matter specifically addressed lawfulness of the September 2009
6  hearing and this Court has not been afforded an opportunity to
7  review the transcript of the February hearing.

8      As such, the petition challenging the September 2009
9  denial of parole is DENIED as moot.

11 DATED: _____, 2010          _____
12                                        HON. PHILIP H. PENNYPACKER
                                          JUDGE OF THE SUPERIOR COURT

13 cc:  Petitioner's Attorney (Jacob Burland)
14      Attorney General (Amanda Murray)
        District Attorney
15      Research (B)
        CJIC
16

CLOSED, E-Filing, HABEAS, ProSe

# U.S. District Court
# California Northern District (San Jose)
# CIVIL DOCKET FOR CASE #: 5:09-cv-01871-RMW
# Internal Use Only

Oropeza v. Wong
Assigned to: Hon. Ronald M. Whyte
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 04/29/2009
Date Terminated: 11/30/2010
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

### Petitioner

**Hector Arthuro Oropeza**

represented by **Hector Arthuro Oropeza**
H-24646
San Quentin State Prison
5N-86 low
San Quentin, CA 94974
PRO SE

V.

### Respondent

**Warden Robert K. Wong**

represented by **Amanda Jane Murray**
California Department of Justice
State Attorney General's Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102-7004
415-703-5741
Fax: 415-703-5583
Email: Amanda.Murray@doj.ca.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/29/2009 | 1 | PETITION for Writ of Habeas Corpus; No process; In forma pauperis pending. Filed by Hector Arthuro Oropeza. (dhm, COURT STAFF) (Filed on 4/29/2009) (dhm, COURT STAFF). (Entered: 05/01/2009) |
| 04/29/2009 | 2 | CLERK'S NOTICE re completion of In Forma Pauperis affidavit or payment of filing fee due within 30 days. (dhm, COURT STAFF) (Filed on 4/29/2009) (Entered: 05/01/2009) |
| 04/29/2009 | | CASE DESIGNATED for Electronic Filing. (dhm, COURT STAFF) (Filed |

| | | |
|---|---|---|
| | | on 4/29/2009) (Entered: 05/01/2009) |
| 04/29/2009 | 3 | EXHIBIT A re 1 Petition for Writ of Habeas Corpus filed by Hector Arthuro Oropeza. (Attachments: # 1 Exhibit A part 2, # 2 Exhibit A part 3) (Related document(s) 1 ) (dhm, COURT STAFF) (Filed on 4/29/2009) (Entered: 05/05/2009) |
| 04/29/2009 | 4 | EXHIBIT B re 1 Petition for Writ of Habeas Corpus filed by Hector Arthur Oropeza. (Related document(s) 1 ) (dhm, COURT STAFF) (Filed on 4/29/2009) (Entered: 05/05/2009) |
| 05/19/2009 | | Filing fee paid: $ 5.00, receipt number 34611032332. (copy of receipt received on 7/30/2009) (dhm, COURT STAFF) (Filed on 5/19/2009) (Entered: 07/30/2009) |
| 06/30/2009 | 5 | MOTION to Expand the Record on Petition for Writ of Habeas Corpus filed by Hector Arthuro Oropeza. (dhm, COURT STAFF) (Filed on 6/30/2009) (Entered: 06/30/2009) |
| 07/06/2009 | 6 | ORDER OF DISMISSAL. Signed by Judge Ronald M. Whyte on 7/2/09. (jg, COURT STAFF) (Filed on 7/6/2009) (Entered: 07/06/2009) |
| 07/06/2009 | 7 | JUDGMENT, ***Civil Case Terminated. Signed by Judge Ronald M. Whyte on 7/2/09. (jg, COURT STAFF) (Filed on 7/6/2009) (Entered: 07/06/2009) |
| 08/07/2009 | 8 | ORDER REOPENING CASE; ORDER TO SHOW CAUSE. Signed by Judge Ronald M. Whyte on 8/5/09. (jg, COURT STAFF) (Filed on 8/7/2009) (Entered: 08/07/2009) |
| 08/07/2009 | | (Court only) ***Set/Clear Flags (jg, COURT STAFF) (Filed on 8/7/2009) (Entered: 08/07/2009) |
| 08/17/2009 | 9 | MOTION for Reconsideration of 6 Order of Dismissal for Failure to Pay Filing Fee filed by Hector Arthuro Oropeza. (dhm, COURT STAFF) (Filed on 8/17/2009) (Entered: 08/28/2009) |
| 08/27/2009 | 10 | REQUEST for permission to file successive petition that was erroneously dismissed for failure to pay filing fee by Hector Arthuro Oropeza. (dhm, COURT STAFF) (Filed on 8/27/2009) (Entered: 09/03/2009) |
| 08/28/2009 | | Copy of Petition, Exhibits in Support and Order to Show Cause mailed to Respondent and the Attorney General of the State of California (dhm, COURT STAFF) (Filed on 8/28/2009) (Entered: 08/28/2009) |
| 09/03/2009 | 11 | REQUEST for permission to file successive petition by Hector Arthuro Oropeza. (dhm, COURT STAFF) (Filed on 9/3/2009) (Entered: 09/15/2009) |
| 09/18/2009 | | Copy of Order to Show Cause and Petition mailed to respondent and the Attorney General for the State of California. (dhm, COURT STAFF) (Filed on 9/18/2009) (Entered: 09/18/2009) |
| 09/21/2009 | 12 | MOTION to Appoint Counsel and Order Release Pending Litigation filed by Hector Arthuro Oropeza. (dhm, COURT STAFF) (Filed on 9/21/2009) (Entered: 09/28/2009) |

| 09/30/2009 | 🌐 13 | ORDER by Judge Ronald M. Whyte Denying 9 Motion for Reconsideration. (jg, COURT STAFF) (Filed on 9/30/2009) (Entered: 09/30/2009) |
|---|---|---|
| 09/30/2009 | 🌐 14 | ORDER by Judge Ronald M. Whyte Denying 12 Motion to Appoint Counsel ; Denying 12 Motion Releasing Plaintiff From Custody Pending Litigation. (jg, COURT STAFF) (Filed on 9/30/2009) (Entered: 09/30/2009) |
| 11/04/2009 | 🌐 15 | RESPONSE to Petition for Writ of Habeas Corpus ; *Memorandum of Points and Authorities* byRobert K. Wong. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3 Part 1 of 3, # 4 Exhibit 3 Part 2 of 3, # 5 Exhibit 3 Part 3 of 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7 Part 1 of 4, # 10 Exhibit 7 Part 2 of 4, # 11 Exhibit 7 Part 3 of 4, # 12 Exhibit 7 Part 4 of 4, # 13 Exhibit 8, # 14 Exhibit 9, # 15 Exhibit 10, # 16 Exhibit 11, # 17 Exhibit 12, # 18 Exhibit 13, # 19 Exhibit 14, # 20 Exhibit 15)(Murray, Amanda) (Filed on 11/4/2009) (Entered: 11/04/2009) |
| 11/17/2009 | 🌐 16 | ORDER of USCA: The application for authorization to file a second or successive 28 U.S.C. § 2254 habeas corpus petition in the district court is denied as unnecessary because petitioner currently has a petition for writ of habeas corpus pending before the district court. No petition for rehearing or motion for reconsideration shall be filed or entertained in this case. USCA #09-72734 (dhm, COURT STAFF) (Filed on 11/17/2009) (Entered: 11/18/2009) |
| 12/10/2009 | 🌐 17 | MOTION for Extension of Time to File a Traverse filed by Hector Arthuro Oropeza. (dhm, COURT STAFF) (Filed on 12/10/2009) (Entered: 12/14/2009) |
| 12/30/2009 | 🌐 18 | Traverse to 15 Response to Habeas Petition, by Hector Arthuro Oropeza. (dhm, COURT STAFF) (Filed on 12/30/2009) (Entered: 12/30/2009) |
| 01/05/2010 | 🌐 19 | ORDER by Judge Ronald M. Whyte Granting 17 Motion for Extension of Time to File Traverse. (jg, COURT STAFF) (Filed on 1/5/2010) (Entered: 01/08/2010) |
| 01/08/2010 | 🌐 20 | MOTION for Evidentiary Hearing filed by Hector Arthuro Oropeza. (dhm, COURT STAFF) (Filed on 1/8/2010) (Entered: 01/13/2010) |
| 01/22/2010 | 🌐 21 | Opposition to 20 MOTION for Evidentiary Hearing filed by Robert K. Wong. (Murray, Amanda) (Filed on 1/22/2010) Modified text on 1/25/2010 (dhm, COURT STAFF). (Entered: 01/22/2010) |
| 02/16/2010 | 🌐 22 | Response to Opposition re 20 MOTION for Evidentiary Hearing filed by Hector Arthuro Oropeza. (dhm, COURT STAFF) (Filed on 2/16/2010) (Entered: 02/17/2010) |
| 03/01/2010 | 🌐 23 | Request that the Court Take Judicial Notice of February 22, 2010 Parole Consideration Hearing filed by Hector Arthuro Oropeza. (dhm, COURT STAFF) (Filed on 3/1/2010) (Entered: 03/04/2010) |
| 04/02/2010 | 🌐 24 | Memorandum in Opposition TO 23 REQUEST TO TAKE JUDICIAL NOTICE OF FEBRUARY 22, 2010 PAROLE CONSIDERATION HEARING filed by Robert K. Wong. (Murray, Amanda) (Filed on |

| | | |
|---|---|---|
| | | 4/2/2010) Modified on 4/5/2010 counsel failed to link entry to document #23 (dhm, COURT STAFF). (Entered: 04/02/2010) |
| 06/29/2010 | 25 | ORDER by Judge Ronald M. Whyte Denying 20 Motion for an Evidentiary Hearing. (jg, COURT STAFF) (Filed on 6/29/2010) (Entered: 06/29/2010) |
| 10/14/2010 | 26 | MOTION for Appointment of Counsel and for Court to Take Judicial Notice of Recent State Superior Court Decision filed by Hector Arthuro Oropeza. (bw, COURT STAFF) (Filed on 10/14/2010) (Entered: 10/15/2010) |
| 11/30/2010 | 27 | ORDER Denying Petition For Writ of Habeas Corpus; Granting Certificate of Appealability. Signed by Judge Ronald M. Whyte on 11/30/10. (jg, COURT STAFF) (Filed on 11/30/2010) (Entered: 12/02/2010) |
| 11/30/2010 | 28 | JUDGMENT, ***Civil Case Terminated. Signed by Judge Ronald M. Whyte on 11/30/10. (jg, COURT STAFF) (Filed on 11/30/2010) (Entered: 12/02/2010) |

# Name to seek: hector oropeza

Get Info   Menu

| Case | Judge | Title | First | Middle | Last | Filed | NOS |
|------|-------|-------|-------|--------|------|-------|-----|
| 5:96-cv-20333-RMW | RMW | Oropeza, et al v. Clarke, et al | Hector | | Oropeza | 5/1/1996 | 530 |
| 5:97-cv-20736-RMW | RMW | Oropeza v. Clarke | Hector | | Oropeza | 8/21/1997 | 530 |
| 5:03-cv-01373-RMW | RMW | Oropeza v. Woodford | Hector | Arthuro | Oropeza | 3/31/2003 | 530 |
| 5:05-cv-03089-RMW | RMW | Oropeza v. Stokes | Hector | Arthuro | Oropeza | 7/29/2005 | 530 |
| 5:09-cv-01871-RMW | RMW | Oropeza v. Wong | Hector | Arthuro | Oropeza | 4/29/2009 | 530 |
| 5:09-cv-01871-RMW | RMW | Oropeza v. Wong | Hector | Arthuro | Oropeza | 4/29/2009 | 530 |

LEGAL MAIL

HECTOR OROPEZA
J-24046, 5N-86 Low
San Quentin State Prison
San Quentin, CA 94974

RECEIVED

DEC 2 0 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CA 94102-3483










12/18/10