HECTOR OROPEZA
H-24646, 5N-86 LOW
SAN QUENTIN STATE PRISON
SAN QUENTIN, CA 94974



UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR ARTURO OROPEZA, ) <br> ) <br> Petitioner ) <br> ) <br> v. ) <br> ) <br> VINCENT S. CULLEN, Warden, et al., ) <br> ) <br> Respondent. ) <br> ) | Case No.: Cv-10-5916 RMW (PR) <br><br> MOTION FOR APPOINTMENT <br> OF COUNSEL |

Petitioner Hector Arturo Oropeza filed his petition for writ of habeas corpus on December 27, 2010. On December 29, 2010, Petitioner's wife, Maria Oropeza, paid the $5.00 filing fee. Petitioner respectfully request that the Court appoint counsel in order to prevent further due process violation by the Board of Parole Hearings ("Board").

The case before the Court concerns the Board's continue violation of court orders and the proper remedy for such violations. Petitioner asserts, with adequate attorney assistance, he could show that Respondent has acted in bad faith, vexatiously, wantonly, and for oppressive reasons when it reversed itself in order to escape the courts' review of the violation of failing to abide by the superior court's order.

When a losing party has acted in bad faith, vexatiously. wantonly, or for oppressive reasons, sanctions under court's inherent powers may take form in attorney fees. Federal Civil Procedure §2767. The Court has inherent

1

power to impose sanctions against either party or counsel who willfully abuses judicious process. (Odbert v. U.S., 567 F.Supp. 825.)

In this case, on September 1, 2009 the Board held a court ordered suitability hearing. The Board again denied parole on the grounds: 1) "[t]he prisoner committed the offense in an especially heinous, atrocious, and cruel manner because the victim was abused during the offense. The offense was carried out in a manner which demonstrates an exceptionally callous disregard for human suffering. The motive for the crime is very trivial in relationship to the offense." 2) "the prisoner's lack of insight and minimization poses the prisoner as an unreasonable risk of danger if released from prison." The Board further found that "the psychological report dated 12/3/2008 authored by Dr. Record is generally favorable. The Panel does find that the prisoner's sense of remorse is sincere and genuine." A month later, on October 6, 2009, the Board reversed itself. In doing so, the Board escape the court's review and possible sanction. However, in doing so, the Board violated the court's order to hold a hearing within 95 days. The Board instead held a hearing on February 23, 2010 and again, as found by the Superior Court in its September 20, 2010 order granting habeas petition, violated due process. (See attachment A, September 20, 2010 court order granting habeas corpus petition.) The Court should take judicial notice of judicial proceedings in this case.

The Court should appoint counsel. 18 U.S.C. § 3006A (a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner if 'the court determines that the interest of justice so requires." Appointment is mandatory when the circumstances of a particular case indicates that appointed counsel is necessary to prevent due process violations. Chaney v. Lewis. 801 F.2d 1191, 1196 (9th Cir. 1986).

The Board has placed Petitioner in limbo by continuing to deny parole on the same grounds that have been repeated rejected by the superior court as being insufficient to deny parole.

Under Haggard v. Curry, ___F.3d___, 2010 WL 4015006 (9th Cir. NO. 10-16819), citing In re Prather, 50 Cal.4th 238, 262, the Board is collateral estopped from relying factors that court has already found either not to be supported by the record, or insufficient to deny parole. Since the Board did not appeal the 2008 order granting the petition, it is precluded from finding the commitment offense in this case as being very trivial, especially heinous, or that the victim was abuse, defiled, or mutilated. The superior court rejected the Board's findings fault with petitioner's "attitude towards"/"insight into" the crime, when the Board violated the rule that it must consider all reliable information. The Board conceded that it erred at the 2009 hearing but failed to correct that error and acted in bad faith.

For the foregoing reasons, the Court should appoint counsel and hold an evidentiary hearing in the interest of justice.

Dated: January 1, 2011

Respectfully submitted,

Hector Oropeza
Petitioner in Pro Se

ATTACHMENT A

(ENDORSED)
**FILED**
SEP 2 0 2010

DAVID H. YAMASAKI
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY_____ L. BALLESTEROS _____ DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

In re

HECTOR ARTURO OROPEZA,

On Habeas Corpus.

No. 148873

ORDER

The parole board denied petitioner parole based upon the egregiousness of the commitment offense and the inconsistencies between petitioner's version of events and the appellate record. Of particular concern to the board was petitioner's statement that he was struck by the victim during the incident that was described in the probation report as a "flurry of blows." (Probation Report at p. 3.) The board viewed the victim as being totally defensive and took umbrage with petitioner's claim that he was struck, characterizing him as "minimizing" and lacking credibility, despite the board's acknowledgement that "maybe that's the way you really saw [the incident]." (Decision 3:4-13.)

1  The board's reliance upon its conclusion that petitioner is not credible and is minimizing is very similar to what the court addressed in *In re Juarez* (2010) 182 Cal.App.4th 1316. There, as here, the petitioner had accepted full responsibility for the murder. There, as here, the board questioned the petitioner's credibility. There, as here, the board's doubt, standing alone, "is not dispositive of anything." (*Juarez, supra*, 182 Cal.App.4th at pp. 1341-1342.) In *Juarez*, the board denied parole based upon the inmate's lack of memory of the specifics of the commitment offense. The *Juarez* court found that the board had placed the petitioner in limbo by conditioning a grant of parole upon a credible recall of the commitment offense, or proof that such recall was impossible. (*Id.* at p. 1341.)

Similarly, the board has placed petitioner in limbo by conditioning a grant of parole on petitioner's acceptance of the fact that he was never struck during the fight despite the board's acknowledgment that he may reasonably believe that he was hit. If petitioner were using his claim of having been hit to minimize his culpability for the offense, the board's denial of parole might be upheld. However, petitioner's unequivocal acceptance of responsibility for the victim's death undermines the value of the board's conclusion that petitioner is minimizing. (*In re Caswell* (2001) 92 Cal.App.4th 1017, 1033.)

For the foregoing reasons, the petition is GRANTED. The board's decision is vacated and the matter is remanded to the

1  board with directions to proceed in accordance with due
2  process and to consider all relevant, reliable information.
3  　　The new hearing shall be held within thirty days. (See
4  Moreno concurring in *In re Prather* (S173260) 50 Cal.4th 238,
5  262 ["expedited parole hearings on remand"].)

6
7  DATED: September 17, 2010
8  
　　　　　　　　　　　　　　　　　HON. PHILIP H. PENNYPACKER
　　　　　　　　　　　　　　　　　JUDGE OF THE SUPERIOR COURT
9  cc:　Petitioner's Attorney (Jacob Burland)
10 　　　Attorney General (Amanda Murray)
　　　　Research (B)
11 　　　CJIC
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROOF OF SERVICE BY MAIL

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re: <u>HECTOR ARTURO OROPEZA v. VINCENT S. CULLEN</u>, Case No. C-10-5916 RMW (PR)

I am a citizen of the United States and am not a party to the above action.
I am over 18 years of age and am a party to the within action.

On <u>January 2, 2011</u>, I served the within Document:

<u>MOTION FOR APPOINTMENT OF COUNSEL</u>

on the party in said action, by depositing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, via first class mail at the mail collection site for legal mail at San Quentin State Prison, addressed to the following:

EDMUND G. BROWN
ATTORNEY GENERAL OF CALIFORNIA
455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on <u>January 2, 2011</u>, at San Quentin, California.

ANGEL ALVAREZ
P-81998, 5N-86 UP
SAN QUENTIN STATE PRISON
SAN QUENTIN, CA 94974





RECEIVED
JAN -1 24
CLERK U.S. DISTRICT
NORTHERN DISTRICT OF CALIF

OFFICE OF THE CLERK

U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVE
SAN FRANCISCO, CA 94102

HECTOR OROPEZA
H-24646, SN-86 Low
SAN QUENTIN STATE PRISON
SAN QUENTIN, CA 94974

LEGAL MAIL

0/6 A. Lewis Jan.02.2011