IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HECTOR ARTURO OROPEZA, | ) | No. C 10-5916 RMW (PR) |
| Petitioner, | ) | ORDER OF DISMISSAL |
| v. | ) | |
| VINCENT S. CULLEN, | ) | |
| Respondent. | ) | |

    Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2009 decision by the California Board of Parole Hearings' ("Board") finding him unsuitable for parole. Petitioner has paid the filing fee. For the reasons stated below, the court DISMISSES the petition for failure to state a cognizable claim for relief.

**BACKGROUND**

    According to the petition, in 1992, petitioner was found guilty of second degree murder, and was sentenced to a term of 15 years-to-life in state prison. On December 23, 2008, petitioner was denied parole for the fourth time. On May 22, 2009, the superior court granted petitioner's state habeas petition, and ordered the Board to conduct a new hearing. On September 1, 2009, the Board held another hearing, as directed, and again found petitioner unsuitable for parole. On October 6, 2009, petitioner submitted another state habeas petition to the superior court. That same day, the Board issued its own order vacating its September 1, 2009

1  decision denying parole, and scheduled a new hearing.  On February 22, 2010, the Board held a
2  new hearing, and again denied parole.  On May 28, 2010, the superior court denied petitioner's
3  state habeas petition challenging the denial of parole at his September 1, 2009 hearing,
4  concluding that it was moot.

## DISCUSSION

A. <u>Standard of Review</u>

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); <u>Rose v. Hodges</u>, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

B. <u>Petitioner's Claims</u>

As grounds for federal habeas relief, petitioner claims that (1) petitioner's 2009 state habeas petition was not moot; (2) the Board violated petitioner's due process rights when it failed to comply with the superior court's 2009 order, and should be held in contempt; and (3) an actual controversy exists as to the proper remedy when the Board continues to make the same error in its denial of parole, in violation of petitioner's due process rights.

As an initial matter, "it is only noncompliance with <u>federal</u> law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."  <u>Wilson v. Corcoran</u>, 131 S. Ct. 13, 16 (2010) (emphasis in original).  The Supreme Court has repeatedly held that federal habeas writ is unavailable for violations of state law or for alleged error in the interpretation or application of state law.  See <u>Swarthout v. Cooke</u>, 131 S. Ct. 859, 861-62 (2011) (per curiam).  Federal habeas relief is unavailable merely because "something in the state proceedings was contrary to general notions of fairness or violated some federal procedural right unless the Constitution or other federal law specifically protects against the alleged unfairness or guarantees the procedural right in state court."  <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1085 (9th Cir.

1  1985). It also is unavailable for alleged error in the state post-conviction review process,

2  Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989).

3      Despite petitioner's stated claims, it is clear that he is attempting to challenge the Board's

4  2009 decision denying parole, which was subsequently vacated by the Board. Without regard to

5  the issue of mootness, petitioner's underlying argument is that the Board has improperly denied

6  parole based on insufficient evidence. However, the Supreme Court has made clear that a

7  prisoner's federal due process claim regarding a denial of parole is limited to whether he

8  received the minimum procedures necessary under the federal constitution. Cooke, 131 S. Ct.at

9  862-63. Specifically, this court's inquiry is limited to whether petitioner was given an

10 opportunity to be heard, and given a statement of reasons for the denial. Id. at 862, citing

11 Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979). Because

12 petitioner does not argue that he did not receive either, his claims fail to state a cognizable claim

13 for federal habeas relief. See id.

14     Accordingly, this case is DISMISSED for failure to state a claim. The Clerk shall close

15 the file and enter judgment in this matter.

16 **CERTIFICATE OF APPEALABILITY**

17     A certificate of appealability will not issue. Reasonable jurists would not "find the

18 district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel,

19 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of

20 Appeals.

21     IT IS SO ORDERED.

22 DATED: F⊂⌐BOî ĐF  

23                                 RONALD M. WHYTE
                                United States District Judge

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

HECTOR A OROPEZA,

        Plaintiff,

  v.

VINCENT S. CULLEN et al,

        Defendant.

Case Number: CV10-05916 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 26, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Hector Arturo Oropeza H-24646
San Quentin State Prison
5N-86-Low
San Quentin, CA

Dated: October 26, 2011

                              Richard W. Wieking, Clerk
                              By: Jackie Lynn Garcia, Deputy Clerk